### Ruffner v. Davis

*Felix J. DeGuilio*, for plaintiff.

*Louis Anstandig*, for defendants.

MIHALICH, J., August 2, 1973.—Plaintiff commenced his action by filing a complaint in trespass on October 3, 1972, wherein he alleged that defendant, Richard E. Moyer, was the agent and employe of defendant Davis. On November 9, 1972, an appearance was entered on behalf of defendants and an answer containing new matter was filed December 13, 1972. On December 26, 1972, defendants filed written interrogatories on plaintiff.

Thereafter, on December 29, 1972, plaintiff filed preliminary objections to the answer and new matter of defendants and also filed preliminary objections to the interrogatories. These two sets of preliminary objections are now before the court for determination.

The first set of preliminary objections is in the nature of a demurrer, motion to strike and motion for more specific pleading. Plaintiff alleges four reasons in support of the first two motions:

1. The averments of the new matter are not averments of an affirmative defense properly pleaded as new matter.

2. The averments of the answer fail to plead a legal defense to the cause of action.

3. The answer and new matter are devoid of any explanation of the factual relationship existing with defendants.

4. The answer and new matter were not filed within 20 days after service of the complaint.

Plaintiff also advances the argument that, since both defendants are represented by the same counsel, there exists a possible and probable conflict of in-

terests in defending the case. Plaintiff believes this will deny him a speedy trial, since it would require the one defendant to seek other counsel at a later date. Plaintiff therefore demands that the answer and new matter be stricken or alternatively demands that counsel withdraw his representation of one of the defendants.

In his objections to interrogatories, plaintiff argues that interrogatories are permitted only in pending actions and since preliminary objections were already filed to the answer and new matter, the interrogatories are not permitted.

The first set of preliminary objections shall be considered first. Initially, the court must state it will not strike the pleading, since it was not filed within the 20-day period. Here, the adverse party was not prejudiced and justice does not require the court to strike the pleading designated as answer and new matter. Further, the court will not strike the answer, since it does not set forth the factual relationship existing between defendants. The answer, as filed by defendant, is considered at the least to be a denial of agency and defendant need go no further in explanation until trial, since the matter is at issue. However, the court does believe the averments of the new matter to be merely a denial of the preceding pleading and thus should properly be stricken.

The court also believes there is merit to plaintiff's averment of conflict of interests of defense counsel. Defense counsel will obviously be placed in the untenable situation of having to defend both defendants whose method of defense will, by necessity, be contradictory. Further, the court does not believe it proper to await the trial of this cause and then grant a continuance for one defendant to have other counsel.

Also, the court will point out that by filing preliminary objections, the proceedings are now at a standstill

until the preliminary objections are disposed of by the court. Therefore, it was improper to file interrogatories until the first preliminary objections were disposed of. However, no harm has occurred to plaintiff by the filing of the interrogatories. Plaintiff will be given additional time to file answers to the interrogatories.

For the above reasons, the court will enter the following

## ORDER

And now, August 2, 1973, it is hereby ordered, adjudged and decreed that the new matter as filed by defendant is stricken; defense counsel is to withdraw his representation of one of the defendants, unless both defendants have filed a written acknowledgment that they are aware of the possible conflict and have no objection to the attorney representing both defendants and that they will not use this possible conflict as a reason for continuance and delay of these proceedings; and all other preliminary objections are dismissed.